On appellant's petition for reconsideration filed March 24; reconsideration allowed, disposition (318 Or App 553, 507 P3d 346) modified; in Case No. 16CR65757, portion of judgment requiring defendant to pay $100 bench probation fee reversed, otherwise affirmed; in Case Nos. 19CR10134 and 19CR48307, affirmed May 11, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TODD EDWARD DICKINSON,
*Defendant-Appellant.*

Linn County Circuit Court
19CR10134, 19CR48307, 16CR65757;
A172391 (Control), A172392, A173526, A173652

509 P3d 195

David E. Delsman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, for petition.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

PER CURIAM

Reconsideration allowed; disposition modified. In Case No. 16CR65757, portion of judgment requiring defendant to pay $100 bench probation fee reversed; otherwise affirmed. In Case Nos. 19CR10134 and 19CR48307, affirmed.

**PER CURIAM**

In this consolidated case involving three appeals, defendant petitions for reconsideration of our per curiam opinion, *State v. Dickinson*, 318 Or App 553, 507 P3d 346 (2022), in which we concluded in Case No. 16CR65757 that "the trial court erred by imposing a $100 bench probation fee outside of defendant's presence[.]" *Id*. at 554. Our disposition stated, "In Case No. 16CR65757, portion of judgment requiring defendant to pay $100 bench probation fee vacated; remanded for resentencing; otherwise affirmed. In Case Nos. 19CR10134 and 19CR48307, affirmed." *Id*. Defendant seeks reconsideration, asking that we amend our disposition.

In 2021, effective January 1, 2022, the legislature repealed the probation fee. *See* Or Laws 2021, ch 653, § 3 (amending ORS 137.540(8) to delete requirement that, "[i]f the court orders that probation be supervised by the court, the defendant shall pay a fee of $100 to the court."). The amendment applies to all sentences imposed after January 1, 2022. Or Laws 2021, ch 653, § 8. Defendant's resentencing would occur after January 1, 2022. Thus, on resentencing on remand, the trial court would have no authority to reimpose the probation fee.

We therefore allow reconsideration to modify the disposition to reverse the bench probation fee and to delete the remand for resentencing.

Reconsideration allowed; disposition modified. In Case No. 16CR65757, portion of judgment requiring defendant to pay $100 bench probation fee reversed; otherwise affirmed. In Case Nos. 19CR10134 and 19CR48307, affirmed.